## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEADRIC WILLINGHAM, # K-69583,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-562-SMY |
| | ) |
| **ILLINOIS DEPT. of CORRECTIONS,** | ) |
| **PINCKNEYVILLE CORR. CTR.,** | ) |
| **WARDEN LOVE,** | ) |
| **K. JAIMET,** | ) |
| **WARDEN of PINCKNEYVILLE** | ) |
| **CORRECTIONAL CENTER,** | ) |
| **UNKNOWN NURSE,** | ) |
| **UNKNOWN CORRECTIONAL LT.,** | ) |
| **and DOCTOR SARA,** | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Deadric Willingham, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He also invokes the Federal Tort Claims Act. (Doc. 1, pp. 1, 4). Plaintiff claims that Pinckneyville officials were deliberately indifferent to his serious medical condition. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's civil rights claims survive threshold review under § 1915A.

### **The Complaint**

On approximately October 17-18, 2017, Plaintiff took medication that had been

prescribed for his mental health condition by Dr. Sara (mental health physician). (Doc. 1, p. 6). The medication had the unwanted and painful side effect of causing Plaintiff to have an erection that would not go away. Plaintiff also suffered bleeding from his penis and ongoing pain while on this medication. (Doc. 1, p. 7). As a result of these severe side effects, Plaintiff sometimes stopped taking his mental health medication, even though he needs this drug to treat his serious mental health condition.

Plaintiff was sent to a doctor outside the prison on 5 to 7 occasions for the erection problem. (Doc. 1, pp. 7, 12). On October 25, 2017, he was taken to the hospital for this issue. He was released on October 27, 2017, and was sent back to prison with a prescription. However, Pinckneyville staff did not have the medication and told Plaintiff it would be ordered. (Doc. 1, p. 7).

On October 29, 2017, Plaintiff was sent to the Health Care Unit at about 4:00 a.m. because his medication again had caused an erection that would not go down. (Doc. 1, p. 9). At around 7:00 a.m., Unknown Nurse #1 saw Plaintiff, but refused to give him any medical attention because she claimed he had given himself the erection.[1] Plaintiff was in so much pain he could not stand up to walk. Plaintiff claims that he was forced to sit in the hallway at the infirmary in pain for 16 hours because of Defendant Unknown Nurse #1 and the Unknown Correctional Lt. (Doc. 1, pp. 10, 12). When a new nurse came on at shift change, she realized that Plaintiff was in pain and had been treated for this condition before. (Doc. 1, p. 9).

Plaintiff was taken back to the outside hospital on October 29, 2017 for the erection problem. (Doc. 1, p. 8). He alleges that he had not been given the medication that was prescribed for this issue when he was released on October 27, 2017. (Doc. 1, p. 10). He was

---

[1] Plaintiff also notes that on October 17-18, 2017, he pleaded for medical attention from Unknown Nurse #1. (Doc. 1, p. 11).

released from the hospital again on October 30, 2017, with a 2-day supply of the new medication from the outside doctor. When that ran out, Pinckneyville staff failed to provide him with a renewed supply. (Doc. 1, p. 8).

On November 1, 2017, Plaintiff was transferred to Stateville Correctional Center ("Stateville") on a court writ. While at Stateville, Plaintiff was given the medication he needed with no problems. However, when Plaintiff returned to Pinckneyville on November 21, 2017, his prescription there still had not been filled. He submitted a request slip regarding the medication, and was told that Pinckneyville staff were "still waiting on the meds." (Doc. 1, p. 8). The outside doctor's prescription for pain medication was not given to him by Pinckneyville officials until December 29, 2017. (Doc. 1, p. 6).

Plaintiff asserts that "Defendant Unknown Mental Health Doctor Nurse" caused him to suffer from mental illness. (Doc. 1, p. 10). Defendants Unknown Correctional Lt., Warden Love, Warden Jaimet, and the Unknown Warden of Pinckneyville "failed to intervene in the medical denial when the Plaintiff filed his grievance or when they were present with him." (Doc. 1, p. 10). The Complaint does not elaborate on any personal encounters or conversations Plaintiff may have had with these individuals. He claims generally that on October 25, October 27, and November 21, 2017, he "pleaded to the Defendants" for medical attention and for medication to relieve the pain he was suffering. (Doc. 1, p. 11). On November 25, 2017, he asked unspecified Defendants for his 3-week checkup with the outside doctor. *Id.* However, the Defendants ignored these requests for pain medication and other medical help. As a result, Plaintiff had to be taken to the hospital repeatedly. (Doc. 1, p. 12).

Plaintiff raises a claim of deliberate indifference to serious medical needs against all Defendants. He further claims that the Illinois Department of Corrections and Pinckneyville

Correctional Center should be held liable on the theory of *respondeat superior*. (Doc. 1, pp. 12-13). He seeks compensatory and punitive damages. (Doc. 1, p. 13).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Sara, for prescribing Plaintiff a medication for his mental health condition that caused him to have a persistent erection, and severe pain and bleeding from his penis;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Unknown Nurse #1, for refusing and delaying medical treatment for Plaintiff's painful side effects from his medication on October 17-18 and October 29-30, 2017;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Unknown Correctional Lt., for delaying medical treatment for Plaintiff's painful side effects from his medication on October 29-30, 2017;
>
> **Count 4:** Eighth Amendment deliberate indifference claim against unknown Pinckneyville Health Care officials, for failing to provide Plaintiff with medication prescribed by the outside doctor to treat his painful side effects, in October, November, and December 2017;
>
> **Count 5:** Eighth Amendment deliberate indifference claims against Warden Love, Warden Jaimet, and Unknown Warden of Pinckneyville, for failing to intervene on the basis of Plaintiff's grievance complaining over the denial of medical care;
>
> **Count 6:** Claims for deliberate indifference and *respondeat superior* against the Illinois Department of Corrections and Pinckneyville Correctional Center, based on Pinckneyville officials' failure to address Plaintiff's medical needs.

Counts 1, 2, and 3 shall proceed in this action for further consideration. Counts 4, 5, and

6 shall be dismissed for failure to state a claim upon which relief may be granted.

## Federal Tort Claims Act

As an initial matter, any claims asserted by Plaintiff under the Federal Tort Claims Act ("FTCA") are **DISMISSED** with prejudice. Plaintiff is a state prisoner, not a federal prisoner. The FTCA provides jurisdiction for actions against the United States regarding torts committed by federal officials. All of the Defendants named herein are state officials or entities. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA.

## Deliberate Indifference to a Serious Medical Condition

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners the right to "demand specific care" or "the best care

possible," but only entitles them to "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff suffers from a mental illness that requires regular medication; this condition satisfies the objective component of an Eighth Amendment claim. Plaintiff also suffered objectively serious side effects caused by his prescribed medication (ongoing pain, an erection that would not subside for hours, and bleeding from his penis). As such, the remaining question is whether any of the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

### Count 1 – Dr. Sara

Dr. Sara is the mental health practitioner at Pinckneyville who prescribed the medication which caused Plaintiff's serious and painful side effects. The mere act of prescribing the medication, without being aware of the unwanted effects on Plaintiff, does not amount to deliberate indifference. However, if Plaintiff told Dr. Sara about the side effects and she took no steps to address his problems, or if Dr. Sara herself failed to ensure that Plaintiff's prescription from the outside doctor (to relieve the side effects) was filled, such a scenario could support an Eighth Amendment claim against her.

Plaintiff makes repeated references to "the Defendants" as a group, without identifying which individuals he spoke to about the problems caused by the mental health medication. Therefore, it is not clear from the Complaint whether Dr. Sara was one of the defendants to whom Plaintiff "pleaded" for help to relieve his pain. Giving liberal construction to the

7

Complaint at this stage, the Court will allow Plaintiff to proceed with his deliberate indifference claim in **Count 1** against Dr. Sara. However, in order to prevail on this claim, Plaintiff must eventually show that he made Dr. Sara aware of his serious and painful side effects, but she failed to take reasonable steps to address these medical needs.

**Count 2 – Unknown Nurse #1**

According to Plaintiff, when he sought help for his pain and erection problem from the Health Care Unit on October 29, 2017, Unknown Nurse #1 refused to assist him. Plaintiff claims that as a result, he suffered from unrelieved pain for 16 hours until another nurse recognized that his condition warranted treatment. He was then sent to the hospital. Plaintiff also mentions that he had sought help on October 17-18 from Unknown Nurse #1 when he had the same side effects. He alleges generally that this and other pleas for help went unanswered.

These factual allegations arguably support a deliberate indifference claim against Unknown Nurse #1. Plaintiff may therefore proceed with the Eighth Amendment claim against this individual in **Count 2.** However, this defendant must be identified with particularity before service of the Complaint can be made on her.

Where an inmate's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the inmate should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

As discussed more fully below under Count 5, no viable claim has been stated against Pinckneyville Warden Jaimet in her individual capacity. However, the Warden shall remain as a Defendant in her official capacity only. In that capacity, she will be responsible for responding

to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Count 3 – Unknown Correctional Lt.

Plaintiff's allegations against the Unknown Correctional Lt. also stem from his attempts to get medical attention for his severe pain on October 29, 2017. He alleges that this Unknown Lt., along with Unknown Nurse #1, kept him waiting for 16 hours without taking any steps to address his pain during that time. Based on this allegation, the deliberate indifference claim against the Unknown Correctional Lt. in **Count 3** also survives review under § 1915A.

However, as explained above, Plaintiff must identify this Unknown Correctional Lt. by name before the case may proceed against this individual.

## Dismissal of Count 4 – Failure to Fill Prescription

If the individual(s) who should have filled Plaintiff's prescription from the outside doctor failed to take reasonable steps to obtain this medication, while knowing that Plaintiff continued to suffer serious and painful symptoms as he waited for the prescription to be filled, then Plaintiff may be able to sustain a deliberate indifference claim on this basis. It is disturbing that this prescription was not filled until approximately 2 months after Plaintiff's October 25, 2017, hospital stay. That said, the claim in **Count 4** must be dismissed without prejudice at this time because Plaintiff's Complaint does not identify, even with an "Unknown Defendant/John/Jane Doe" designation, the individual(s) who knew that he needed the prescription, yet failed to procure his medication. The Court may reinstate this claim if Plaintiff is able to cure this defect in an amended complaint.

**Dismissal of Count 5 – Wardens' Failure to Intervene**

According to Plaintiff, Warden Love, Warden Jaimet, and the Unknown Warden of Pinckneyville failed to intervene to correct the denial of medical care in response to Plaintiff's grievance, or "when they were present with him." (Doc. 1, p. 10). Plaintiff does not describe any conversations he may have had with these defendants, so the Court cannot speculate on what he may have told them about his condition or the medical staff's actions/inactions. Likewise, Plaintiff does not describe the contents of his grievance, but notes that he did not receive any response to it from the Pinckneyville Health Care Unit. (Doc. 1, p. 3). Given that lack of response and the absence of any other factual allegations in the Complaint, it cannot be assumed that any of the Wardens received Plaintiff's grievance. Moreover, if they did receive and review it, the lack of response does not establish deliberate indifference to Plaintiff's medical needs.

Additionally, in order to be held individually liable for a civil rights violation, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Here, nothing in the Complaint indicates that the Wardens were personally responsible for providing medical care to Plaintiff, and their mere failure to respond to his grievance complaining about the medical providers does not constitute deliberate indifference.

On the other hand, if Plaintiff can show that he informed Love or Jaimet about his serious

pain and symptoms and the fact that medical staff had failed to provide him with necessary treatment, he may be able to sustain a deliberate indifference claim. The Seventh Circuit has consistently held that a defendant "is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Wilson v. Warren County, Illinois*, 830 F.3d 464, 469 (7th Cir. 2016) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). *See also Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences").

The Complaint does not include any factual allegations to indicate that Plaintiff explained his medical issues and the lack of treatment to Love or Jaimet, or to the Unknown Warden, either verbally or in writing. Therefore, the deliberate indifference claim in **Count 5** will be dismissed without prejudice. Love and Jaimet shall be dismissed without prejudice and the Warden of Pinckneyville (Official Capacity Only) shall remain in the action in order to respond to discovery requests aimed at identifying the Unknown Defendants.

### Dismissal of Count 6 – IDOC and Pinckneyville Correctional Center

The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Thus, Plaintiff cannot assert a claim against the Illinois Department of Corrections, Pinckneyville Correctional Center, or any administrative/supervisory official on that basis.

Furthermore, Plaintiff cannot maintain a suit for damages against the Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that

"neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Likewise, the Pinckneyville Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71.

For these reasons, **Count 6** and Defendants Illinois Department of Corrections and Pinckneyville Correctional Center will be dismissed from the action with prejudice.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4 is **TERMINATED AS MOOT**. No such motion is necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP"). The Court shall order service on all known Defendants who remain in the action following threshold review under § 1915A. 28 U.S.C. § 1915(d).

### Disposition

**COUNTS 4 and 5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 6** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Defendants **LOVE** and **JAIMET** are **DISMISSED** from this action without prejudice.

Defendants **ILLINOIS DEPARTMENT of CORRECTIONS** and **PINCKNEYVILLE CORRECTIONAL CENTER** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **SARA** and **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (Official Capacity Only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **UNKNOWN NURSE #1** and **UNKNOWN CORRECTIONAL LT.** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3) and a plan for discovery aimed at identifying the unknown defendants with particularity.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 13, 2018**

s/ STACI M. YANDLE
United States District Judge